UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. BLEDSOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-10-JCH |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions of self-represented plaintiff Michael D. Bledsoe, an incarcerated person at Farmington Correctional Center ("FCC"): (1) motions for leave to commence this civil action without prepaying fees or costs, and (2) motions for entry of default against defendants.[1] For the following reasons, the Court will grant plaintiff's motions for leave to commence this action without prepaying fees and costs, and assess an initial partial filing fee of $50.00. The Court will deny plaintiff's motions for entry of default against defendants.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

---

[1] Plaintiff has filed two motions for leave to commence this civil action without prepaying fees and costs (*see* ECF Nos. 2 and 11) and two motions for entry of default against defendants (*see* ECF Nos. 8 and 13).

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of plaintiff's motions for leave to commence this civil action without prepaying fees or costs, plaintiff states that he earns $10.00 per month at FCC. Although he has not submitted his inmate account statement as required by 28 U.S.C. § 1915(a)(2), he states that he has money saved in a checking or savings account. Plaintiff proposes to the Court that he pay the filing fee in $50.00 installments. The Court will therefore assess an initial partial filing fee of $50.00, which is reasonable based on plaintiff's financial condition. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

## Service of Process Under 28 U.S.C. § 1915(d)

In his motions for entry of default against defendants, plaintiff states that "the defendants were served by the United States Marshal with a copy of the summons and a copy of the plaintiff's complaint on [left blank]. More than 20 days have elapsed since the date on which the defendants were served . . . ." ECF Nos. 8 and 13. This is incorrect. Pursuant to 28 U.S.C. § 1915(d), "the officers of the court shall issue and serve all process, and perform all duties in [prisoner actions brought *in forma pauperis*]." 28 U.S.C. § 1915(d). That is, the Court will order the Clerk of Court to issue process on plaintiff's complaint.

Before the Court orders issuance of process, however, it conducts an initial review of plaintiff's complaint to determine whether it meets the standards of 28 U.S.C. § 1915(e). Pursuant

to § 1915(e), the Court is required to review complaints filed *in forma pauperis*, and must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Currently, the Court is conducting an initial review of plaintiff's complaint to determine whether it meets the standards of § 1915(e). If plaintiff's complaint survives initial review, the Court will then order the Clerk to issue process on the complaint in accordance with § 1915(d). Because the Court has not concluded its initial review of plaintiff's complaint and because it has not issued process on plaintiff's complaint, the Court will deny plaintiff's motions for entry of default against defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis are **GRANTED**. [ECF Nos. 2 and 11]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $50.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motions for entry of default against defendants are **DENIED**. [ECF Nos. 8 and 13]

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2021.