# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MICHAEL D. BLEDSOE,                )
                                   )
    Plaintiff,                    )
                                   )
v.                                 )   No. 4:21-CV-10-JCH
                                   )
MISSOURI DEPARTMENT OF             )
CORRECTIONS, et al.,               )
                                   )
    Defendants.                   )

## MEMORANDUM AND ORDER

This matter is before the Court on initial review of self-represented plaintiff Michael D. Bledsoe's complaint pursuant to 28 U.S.C. § 1915(e).[1] For the following reasons, the Court will issue process on the complaint as to defendants Robert Killian, Steven Pfister, E. Gould, and Christine Dicus in their individual capacities. The Court will dismiss without prejudice defendants Missouri Department of Corrections, Corizon Medical, MOSOP, Anne Precythe, Terri Lawson, Scott O'Kelley, and Elizabeth Atterbury.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] The Court has previously granted plaintiff *in forma pauperis* status pursuant to 28 U.S.C. 1915(a)(1). *See* ECF No. 14.

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against defendants the Missouri Department of Corrections ("MDOC"), Corizon Medical, the Missouri Sexual Offender Program ("MOSOP"), Anne Precythe (Director, MDOC), Teri Lawson (Warden,

Farmington Correctional Center), Scott O'Kelley (Director of Mental Health, MDOC), Robert Killian (MOSOP), Dr. Elizabeth Atterbury (Regional Director of Mental Health, MDOC), Steven Pfister (Manager of Operations, MOSOP), E. Gould (MOSOP), and Christine Dicus (MOSOP). Plaintiff sues all defendants in their official and individual capacities.

In his complaint, plaintiff states he is an African-American man and was convicted of a sexually violent offense. He is serving a fifteen-year sentence in the MDOC. Plaintiff states that on November 26, 2018 he was placed in MOSOP. He states he was racially discriminated against in the program and unfairly terminated from the program on November 12, 2019. Had plaintiff successfully completed MOSOP, he states he would not have had to serve twenty-seven months of his sentence, and he would have been released from prison on December 13, 2019.

Plaintiff states that as a part of MOSOP, he participated in defendant Dicus's group therapy sessions for seven months and completed the curriculum through to the presentation process. He states that after his presentation to Dicus, she did not mention to him any deficiencies in his presentation or allow him to correct his presentation. Rather, she referred plaintiff directly to his three-member treatment team. Plaintiff alleges Dicus's failure to allow plaintiff to correct the deficiencies in his presentation was racially discriminatory. "My therapist [Dicus], who was also a white woman, sought to intentionally stop me from completing the program, by referring me to the treatment team, instead of allowing me to correct my presentation deficiencies, and complete the MOSOP program." The three-member treatment team spoke with plaintiff for approximately fifteen minutes and terminated plaintiff from the program.

Plaintiff states that the other ten men participating in his group therapy sessions with Dicus were all white and were allowed to correct deficiencies in their presentations before presenting to their treatment teams. He believes he was discriminated against because of his race and "[h]ad

[he] been given the same opportunity as his other group members to correct his presentation deficiencies, he would have completed the program satisfactorily, and would have been released from prison on December 13, 2019." ECF No. 1 at 12.

For relief, he seeks an unspecified amount of monetary damages for his "financial, mental, and emotional injury." Plaintiff also seeks a preliminary and permanent injunction granting him and other people of color "equal opportunity to correct their deficiencies or presentation deficiencies before being referred to the treatment team."

**Discussion**

1.   Defendants Killian, Pfister, Gould, and Dicus

Defendants Killian, Pfister, and Gould were the three members of plaintiff's MOSOP treatment team, and defendant Dicus was plaintiff's group therapist. Missouri law requires convicted sex offenders to complete MOSOP, a rehabilitative treatment program MDOC created, before they may be considered for conditional release. *See* Mo. Rev. Stat. § 589.040; *Cross v. MHM Corr. Servs., Inc.*, 2014 WL 5385113, * 5 (E.D. Mo. Oct. 10, 2014) (citing *State ex rel. Nixon v. Pennoyer*, 39 S.W.3d 521, 522 & n.2 (Mo. Ct. App. 2001)). "The statute directs MDOC to develop a rehabilitation program for sex offenders, and since 1990 requires that all persons imprisoned for sexual assault offenses successfully complete the program prior to being eligible for parole or conditional release." *Id.* This requirement has been interpreted as requiring completion of MOSOP before release on parole and does not extend a prisoner's sentence. *Jones v. Moore*, 996 F.2d 943, 945 (8th Cir. 1993).

The Eighth Circuit has long held that participation in MOSOP does not confer a liberty interest in the possibility of parole or in conditional release because "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid

sentence." *Page v. Motley*, 2013 WL 1192601, *3 (E.D. Mo. Mar. 22, 2013) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)).  Because inmates have no liberty interest in parole, no procedural due process protections attach to their participation in MOSOP.  Courts have consistently ruled against inmates asserting § 1983 claims arising out of their denial of access to MOSOP or their termination from MOSOP based on due process grounds.  *See Persechini v. Callaway*, 651 F.3d 802 (8th Cir. 2011); *Jones*, 966 F.2d at 945; *Cross*, 2014 WL 5385113; *Page*, 2013 WL 1192601, *3.

Plaintiff's case presents a unique question, however, in that he is not alleging his due process rights were violated when defendants terminated him from MOSOP.  Rather, he states his termination from MOSOP was racially motivated and thus defendants deprived him of his constitutional right to equal protection.  The equal protection clause requires that Missouri state law treats similarly those similarly situated.  U.S. CONST., amend. XIV.  Treating prisoners differently based upon the nature of their crimes (for example, drug crimes or sex crimes) does not violate the equal protection clause.  *See Gale v. Moore*, 763 F.2d 341, 343-44 (8th Cir. 1985) ("[MOSOP's] goal of preventing sex crimes through rehabilitation and deterrence apparently constitutes a rational basis and justifies the classification which may have been given thereunder."); *Patterson v. Webster*, 760 F. Supp. 150, 152 (E.D. Mo. 1991) ("[N]o equal protection violation results from establishing a different standard of parole for sexual offenders."); *Russell v. Eaves*, 722 F. Supp. 558, 560 (E.D. Mo. 1989) (same).  Treating prisoners accused of sexually violent crimes differently because of their race, however, likely would violate the equal protection clause.

Liberally construed, plaintiff alleges that his three-member treatment team (Killian, Pfister, and Gould) and his group therapy coordinator (Dicus) treated him differently from other similarly

situated sex offenders participating in MOSOP because of his race. He states that unlike his white counterparts, he was not given any opportunity to correct the deficiencies in his MOSOP presentation before termination from the program. On initial review, the Court finds that plaintiff has stated a plausible claim for violation of his equal protection rights against defendants Killian, Pfister, Gould, and Dicus in their individual capacities. For this reason, the Court will issue service on plaintiff's complaint as to these defendants in their individual capacities.

2. <u>Defendants Precythe, Lawson, O'Kelly, and Atterbury</u>

Plaintiff's allegations against defendants Precythe (Director, MDOC); Lawson (Warden, FCC); O'Kelly (Director of Mental Health, MDOC); and Atterbury (Regional Director of Mental Health, MDOC) are subject to dismissal for failure to state a claim. Government officials may not be held liable for unconstitutional conduct under a theory of respondeat superior. *Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018). Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Plaintiff does not allege defendants Precythe, Lawson, O'Kelly, and Atterbury engaged in any racially discriminatory conduct. His claims rest solely on the conduct of his treatment team and group therapy leader. Because plaintiff has established no causal connection between defendants Precythe, Lawson, O'Kelly, and Atterbury and the alleged constitutional violations, the Court will dismiss all claims brought against these defendants.

3.   <u>Defendants MDOC and MOSOP</u>

Plaintiff's claims against the MDOC and MOSOP must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Plaintiff's claims against MDOC and MOSOP are claims against a state agency and a state program. However, as noted above, state agencies and programs are not "persons" for purposes of § 1983. Furthermore, suit against MDOC is barred by the Eleventh Amendment. For these reasons, the Court will dismiss plaintiff's claims against MDOC and MOSOP.

4. <u>Defendant Corizon Medical</u>

"A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

Plaintiff has not alleged any policy, custom, or official action of Corizon Medical inflicted any actionable injury upon him. For this reason, plaintiff's claims against defendant Corizon Medical will be dismissed.

5. <u>Official Capacity Claims</u>

Finally, plaintiff's claims against defendants Killian, Pfister, Gould, and Dicus brought in their official capacities will be dismissed. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on an official capacity claim, the plaintiff must establish

the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Here, plaintiff has not established MDOC's liability for the any allegedly unconstitutional conduct, and therefore his official capacity claims against defendants Killian, Pfister, Gould, and Dicus will be dismissed.

### Motion to Appoint Counsel

Plaintiff's motion for appointment of counsel will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will deny without prejudice plaintiff's motion for appointment of counsel.

**Motion for Preliminary Injunction**

Plaintiff filed a motion for preliminary injunction along with his complaint. *See* ECF No. 4. On July 6, 2021, plaintiff filed a duplicative motion for preliminary injunction and attached a proposed order. *See* ECF No. 12. Because plaintiff's second motion for preliminary injunction is duplicative of his first, the Court will deny without prejudice plaintiff's first motion for preliminary injunction. After defendants have been served with process and have responded to plaintiff's complaint, the Court will order defendants to respond to plaintiff's second motion for preliminary injunction in accordance with the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Robert Killian, Steven Pfister, E. Gould, and Christine Dicus in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Missouri Department of Corrections, Corizon Medical, MOSOP, Anne Precythe, Terri Lawson, Scott O'Kelley, and Elizabeth Atterbury are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Robert Killian, Steven Pfister, E. Gould, and Christine Dicus in their official capacities are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 5]

**IT IS FURTHER ORDERED** that plaintiff's first motion for preliminary injunction is **DENIED without prejudice**. [ECF No. 4]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 19th day of July, 2021.

                                                       /s/ Jean C. Hamilton
                                                     UNITED STATES DISTRICT JUDGE
                                                     JEAN C. HAMILTON