**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MICHAEL D. BLEDSOE,                    )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          No. 4:21-cv-00010-JCH
                                        )
MISSOURI DEPARTMENT OF                  )
CORRECTIONS, et al.,                    )
                                        )
            Defendants.                 )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on the following motions of self-represented plaintiff Michael D. Bledsoe:  (1) plaintiff's motion for preliminary injunction (ECF No. 12); (2) plaintiff's motion for appointment of counsel (ECF Nos. 42 and 43); (3) plaintiff's motion for leave to amend the complaint to allege a class action (ECF No. 51); and (4) plaintiff's "motion for leave and amended motion for preliminary injunction and memorandum of law in opposition to defendant Killian's suggestions" and "motion for leave and amended motion for preliminary injunction and memorandum of law in opposition to defendants Steven Pfister, Erin Gould, and Christine Dicus's response to plaintiff's motion" (ECF No. 52).  For the following reasons, plaintiffs' motions will be denied.

**Background**

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against defendants Robert Killian, Steven Pfister, E. Gould, and Christine Dicus.  Plaintiff states he is an African-American man and was convicted of a sexually violent offense.  He is serving a fifteen-year sentence in the Missouri Department of Corrections ("MDOC").  On November 26, 2018, plaintiff was enrolled in the Missouri Sexual Offender Program ("MOSOP").  He alleges

defendants racially discriminated against him in the program and unfairly terminated him from the program on November 12, 2019.

Prior to the Court issuing service on defendants, plaintiff filed a motion for preliminary injunction. In his motion, plaintiff "requests that the Court orders the defendant[s] to stop discriminating in the program, and to allow other group members especially (other races and/or people of color) to be given and/or granted equal opportunity to correct their deficiencies, or 'presentation deficiencies,' before being referred to the treatment team, if they've been in the program longer than (240) days." In addition, plaintiff has filed motions for appointment of counsel and various motions to amend.

## Discussion

(1)    Plaintiff's Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015); *see also Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated," and the court must determine whether "a

cognizable danger of future violation exists." *Id*. at 521.  The Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate."  *Id*.  Plaintiff has the burden of proving that an injunction should be issued.  *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

The Court finds plaintiff has not met his burden of proving an injunction should issue in this action.  Specifically, he has not demonstrated any threat of irreparable harm or the likelihood of success on the merits of his underlying claims.  Plaintiff was terminated from MOSOP nearly two years prior to filing suit.  His motion for preliminary injunction seeks:

> [T]hat the Court orders the defendant[s] to stop discriminating in the program, and to allow other group members especially (other races and/or people of color) to be given and/or granted equal opportunity to correct their deficiencies or "presentation deficiencies" before being referred to the treatment team if they've been in the program longer than (240) days.

(ECF No. 12 at 1).  Plaintiff has not demonstrated a real and immediate threat that he will be subject to the behavior he seeks to enjoin.  Rather, as to himself, the injunction seeks to remedy a past wrong—his termination from MOSOP on November 12, 2019.  Currently, plaintiff is under no threat of irreparable harm.

To the extent plaintiff seeks injunctive relief on behalf of "other group members especially [] other races and/or people of color," plaintiff motion must be denied.  Plaintiff has no standing to bring claims on behalf of other prisoners.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that "[a] prisoner cannot bring claims on behalf of other prisoners"); *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (explaining that plaintiff did not have "standing to assert" a constitutional claim on behalf of another person).  In other words, plaintiff must allege a personal loss.  *See Sargent*, 780 F.2d at 1337.  Furthermore, as plaintiff is not an attorney, he can

only plead and conduct his own case. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel…").

Additionally, plaintiff has not met his burden of showing a probability of success on the merits.  The only allegation before the Court is that plaintiff was not allowed to correct his presentation deficiencies, while other participants were allowed to correct their presentation deficiencies.  Plaintiff attributes this to racial discrimination.  In response to plaintiff's motion, however, defendants Pfister, Gould, and Dicus submitted nearly 254 pages of plaintiff's MOSOP records.  *See* ECF No. 47-1.  These records indicate that plaintiff's termination from MOSOP was not the result of racial discrimination.  Rather, the records show that plaintiff did not fully comply with treatment expectations, he lacked necessary progress, and he lacked insight into his behaviors. *See* ECF No. 47 at 13.  As defendants summarize in their brief, plaintiff's records show "[h]e did not appear to internalize healthy concepts; and by remaining unreceptive, his behavior demonstrated a pervasive and persistent pattern of distorted and anti-social thinking.  It seems Plaintiff was unable to maintain healthy thinking and behaviors consistent with the concepts taught in MOSOP, and vital for success in the outside community." *Id.* at 13-14.  Although plaintiff submits documentation showing he has successfully completed many mental health group programs and that he is taking advantage of opportunities for further education in prison, he has not countered defendants' documentation that he was terminated from MOSOP for failure to comply with treatment expectations rather than racial discrimination.  For this reason, the Court finds he has not met his burden of showing a likelihood of success on the merits.

Because plaintiff has not met his burden of showing the threat of irreparable harm or the probability of success on the merits, the Court will deny plaintiff's motion for preliminary injunction.

(2)      Plaintiff's Motion for Appointment of Counsel

Plaintiff has also filed a motion seeking appointment of counsel in this action.  The motion will be denied at this time.  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  Plaintiff has demonstrated that he can adequately present his claims to the Court and neither the factual nor the legal issues in this case appear to be complex.

(3)      Plaintiff's Motion for Leave to Amend Complaint to Allege a "Class Action" Lawsuit

Plaintiff has also filed a motion seeking leave of Court to amend his complaint to state claims on behalf of a class.  Plaintiff seeks to represent a class of people of color who have been terminated from MOSOP.  *See* ECF No. 51.  He attaches to his motion affidavits of six other men who have been terminated from MOSOP, allegedly because of their race.  *Id.* at 5-10.  He seeks to amend his complaint to add class allegations on behalf of these men.

As discussed with respect to plaintiff's motion for preliminary injunction, a prisoner cannot bring claims on behalf of other prisoners.  *See Sargent*, 780 F.2d at 1337.  Because plaintiff is not an attorney, he can only plead and conduct his own case.  *See* 28 U.S.C. § 1654.  For this reason,

plaintiff's motion for leave to amend his complaint to allege a class action pursuant to Federal Rule of Civil Procedure 23 will be denied.

      (4)     Plaintiff's Motion for Leave and Amended Motion for Preliminary Injunction in Opposition to Defendants' Response to Plaintiff's Motion for Preliminary Injunction (ECF No. 52)

On November 24, 2021, plaintiff filed a "motion for leave and amended motion for preliminary injunction and memorandum of law in opposition to defendant Killian's suggestions" and "motion for leave and amended motion for preliminary injunction and memorandum of law in opposition to defendants Steven Pfister, Erin Gould, and Christine Dicus's response to plaintiff's motion." *See* ECF No. 52. Attached to this filing is plaintiff's record of successful completion of many mental health group programs, a "transition accountability plan," and plaintiff's underlying informal resolution request ("IRR") and appeal. Although plaintiff titles this filings as "motions," in substance, plaintiff's filing is a reply brief in support of his motion for preliminary injunction. *Id.* Plaintiff's filing directly addresses defendants' responses to plaintiff's motion for preliminary injunction. As such, the Court will consider Document No. 52 as a reply brief in support of plaintiff's motion for preliminary injunction. To the extent plaintiff's motion seeks to amend his motion for preliminary injunction, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for preliminary injunction is **DENIED**. [ECF No. 12]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel and motion for an extension of time to seek appointment of counsel are **DENIED**. [ECF Nos. 42 and 43]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend his complaint to allege a class action lawsuit is **DENIED**.  [ECF No. 51]

**IT IS FURTHER ORDERED** that plaintiff's "motion for leave and amended motion for preliminary injunction and memorandum of law in opposition to defendant Killian's suggestions" and "motion for leave and amended motion for preliminary injunction and memorandum of law in opposition to defendants Steven Pfister, Erin Gould, and Christine Dicus's response to plaintiff's motion," which the Court construes as plaintiff's reply brief in support of his motion for preliminary injunction will be **DENIED** to the extent it seeks to amend plaintiff's motion for preliminary injunction.  [ECF No. 52]

Dated this 13th day of January, 2022.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE