UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. BLEDSOE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-00010-SEP |
| ROBERT KILLIAN, et al., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court are Defendants Steven Pfister, Erin Gould, and Christine Dicus's Motion for Summary Judgment, Doc. [65], and Defendant Robert Killian's Motion for Summary Judgment, Doc. [72]. For the reasons set forth below, both motions are granted.[1]

**FACTS AND BACKGROUND**[2]

Plaintiff Michael Bledsoe was incarcerated at the Farmington Correctional Center (FCC) in Farmington, Missouri, at all times relevant to these motions. Doc. [67] ¶ 1; Doc. [74] ¶ 1. While incarcerated, Plaintiff participated in the Missouri Sex Offender Program (MOSOP), a treatment program for offenders convicted of and incarcerated for a sexual crime. Doc. [67] ¶ 5; Doc. [74] ¶ 6. Participation in the program is monitored and reviewed by "treatment teams"—comprised of the program's assistant clinical director, a MOSOP clinician, and a case manager—who are responsible for decisions related to group placement, terminations, extensions, and suspensions. Doc. [67] ¶¶ 9, 11; Doc. [74] ¶ 11. Offenders showing a lack of progress in MOSOP are referred by their primary therapist to a treatment team. Doc. [67] ¶ 10; Doc. [74] ¶ 12. Lack of progress or failure to implement MOSOP concepts—such as acceptance of responsibility for the offense—could lead to an offender's termination from the program. Doc. [67] ¶¶ 16-17; Doc. [74] ¶ 13.

---

[1] Because Defendants Pfister, Gould, and Dicus move for summary judgment on essentially the same grounds as Defendant Killian, the Court considers their arguments together. The Court herein refers to Pfister, Gould, Dicus, *and* Killian as "Defendants."

[2] The facts are drawn from Defendants Steven Pfister, Erin Gould, and Christine Dicus's Statement of Material Facts, Doc. [67], Defendant Robert Killian's Statement of Material Facts, Doc. [74], and Plaintiff's Response to Statement of Material Facts, Doc. [84].

On July 3, 2018, Plaintiff began participating in MOSOP, but was eventually terminated from the first phase of the program after a hearing because he did not admit to being guilty of his sex offense in a clinical interview with MOSOP staff.  Doc. [67] ¶ 20; Doc. [74] ¶¶ 18-21.  He re-started the program on August 2, 2018, and he was referred to the second phase of the program on November 26, 2018.  Doc. [67] ¶ 20; Doc. [74] ¶ 22.  On November 7, 2019, Plaintiff was referred by his therapist, Defendant Dicus, to a treatment team due to repeated failures to take responsibility for his sex offense.  Doc. [67] ¶ 31; Doc. [74] ¶ 24.  On November 12, 2019, Plaintiff had a hearing with the treatment team, which consisted of Defendants Erin Gould, Steven Pfister, and Robert Killian.  Doc. [67] ¶ 32; Doc. [74] ¶ 27.  When the treatment team attempted to offer feedback to Plaintiff, he appeared unreceptive to feedback and continued to blame the victim and Defendant Dicus.  Doc. [67] ¶ 32; Doc. [74] ¶ 28.  According to Defendants, as a result of those patterns of behavior, Plaintiff was terminated from MOSOP that same day.[3]  Doc. [67] ¶ 33; Doc. [74] ¶ 29.

On January 4, 2021, Plaintiff filed this prisoner civil rights action against Defendants under 28 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment. *See* Doc. [1].  In his Complaint, Plaintiff states he was racially discriminated against in MOSOP and unfairly terminated from the program on November 12, 2019.[4]  *Id.*  According to Plaintiff, "[h]ad [he] been given the same opportunity as his other group members to correct his presentation deficiencies, he would have completed the program satisfactorily, and would have been released from prison on December 13, 2019." *Id.* at 12.

On September 12, 2022, Defendants Dicus, Gould, and Pfister filed a motion for summary judgment, Doc. [65], and on October 15, 2022, Defendant Killian also moved for

---

[3] Plaintiff disputes Defendants' claim that he "was terminated due to blaming his victim and not accepting responsibility for his crime."  Doc. [84] at 2.  As support for his position, Plaintiff points to the MOSOP Employee Operations Manual, which states:  "No offender should be terminated for lack of progress after 180 days in treatment unless they engage in an overt act or there is documentation of prior Intervention Treatment Team meetings that addressed their continued lack of progress[.]"  *Id.*; *see also* Doc. [74-4] at 3.  Because Plaintiff allegedly "had been in the program for 346 days without . . . any overt act or prior treatment team meetings," he argues that Defendants' evidence is "completely false and . . . goes against their very own treatment team operations manual."  Doc. [84] at 2.  But Defendants claim—and Plaintiff admits—that he committed "an overt act" when he told others he was not guilty of his sexual offense. Doc. [67] ¶¶ 17, 20, 32; Doc. [85] ¶¶ 17, 20, 32.  Thus, the Court finds no genuine dispute that Plaintiff was terminated for the reasons articulated by Defendants.

[4] The details of Plaintiff's Complaint are laid out in the Court's July 19, 2021, Memorandum and Order. *See* Doc. [19].

2

summary judgment, Doc. [72]. All four defendants argue they are entitled to summary judgment on Plaintiff's race discrimination claim because: (1) Plaintiff cannot identify any similarly situated individuals who were treated differently than he was treated by Defendants; and (2) Defendants had a legitimate, nondiscriminatory reason for terminating Plaintiff from the program. Doc. [73] at 7; Doc. [66] at 14-15. Plaintiff has responded to the motions, *see* Doc. [84], [85], which are ready for this Court's disposition.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary judgment if it finds, based on the factual record, that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008)). "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010) (quotation marks omitted) (quoting *Godfrey v. Pulitzer Pub. Co.*, 276 F.3d 405, 412 (8th Cir. 2002)).

## DISCUSSION

Because Plaintiff presents only circumstantial evidence of racial discrimination, the Court analyzes his claim under the framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Lucke v. Solsvig*, 912 F.3d 1084, 1088 (8th Cir. 2019) (applying *McDonnell Douglas* burden-shifting framework to claim of racial discrimination under § 1983 and the Equal

3

Protection Clause). "Under *McDonnell Douglas*, a plaintiff may establish a prima facie case of racial discrimination through evidence giving rise to an inference that [he] has been intentionally discriminated against because of [his] race." *Id.* at 1087 (citing *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014)). Plaintiff "may do so by showing that a similarly-situated person of another race received more favorable treatment." *Id.* (citing *Young*, 754 F.3d at 578). If a plaintiff establishes a prima facie case, the burden shifts to the defendant to show a 'legitimate, non-discriminatory reason'" for the challenged conduct. *Id.* "[T]he defendant's explanation of its legitimate reasons must be clear and reasonably specific." *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 258 (1981).

Plaintiff argues that "other members [in the treatment program] were allowed additional time . . . to correct their presentation issues. Some were allowed to stay (100) days over . . . to correct their deficiencies. All of these members were white guys." Doc. [1] at 15. Defendants counter that those "white offenders were permitted to correct their presentations," but "they were not similarly situated to Plaintiff" because they only had made errors on one former occasion—a fact Plaintiff vigorously disputes, Doc. [85] ¶ 44—while Plaintiff had repeatedly made the same error despite multiple warnings. Doc. [66] at 14; *see also* Doc. [73] at 7.

Even assuming Plaintiff successfully states a prima facie case of discrimination, however, his claim cannot survive summary judgment because he fails to rebut the nondiscriminatory reasons offered by Defendants for terminating him from the program. According to Defendants, Plaintiff was terminated from MOSOP because he repeatedly "blamed his victim for his crime, minimized his actions and the brutality of the offense," was unreceptive to group members and therapists when given feedback, and repeatedly told others that he was not guilty of his offense. Doc. [66] at 15; Doc. [73] at 8. Plaintiff does not dispute those facts, nor does he introduce any evidence at all contradicting that those facts formed the basis of his termination. Because Plaintiff does not discredit Defendants' reasons for terminating him from MOSOP, and has not presented "other evidence that raises a genuine doubt as to the legitimacy of [Defendants'] motives," he has not met his burden of showing discriminatory intent. *Lucke*, 912 F.3d at 1089 (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Steven Pfister, Erin Gould, and Christine Dicus's Motion for Summary Judgment, Doc. [65], is **GRANTED**.

4

**IT IS FURTHER ORDERED** that Defendant Robert Killian's Motion for Summary Judgment, Doc. [72], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Michael D. Bledsoe's pro se Motion for Leave to File Summary Judgment Motion, Doc. [70], and Motion for Summary Judgment, Doc. [75], are **DENIED as moot**.

A separate judgment accompanies this Memorandum and Order.

Dated this 18th day of August, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE